IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TEAL HEREK, *individually and on behalf of all others similarly situated,* ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 3:20cv119–HEH |
| THE OLD DOMINION CLUB, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Denying Defendants' Motion to Dismiss)

This matter is before the Court on Defendants'—The Old Dominion Club of Richmond ("ODC"), Mike Pittas, Charles Hayes, Michael Dickinson, Chris Kourdoglov, and Does 1-10 (collectively, the "Defendants")—Motion to Dismiss, filed on March 23, 2020 (ECF No. 21). Teal Herek ("Plaintiff") filed this class action on February 23, 2020, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* (Compl., ECF No. 1). The parties have filed memoranda supporting their respective positions, and the matter is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court will deny Defendants' Motion to Dismiss.

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light

most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the facts are as follows.

Plaintiff worked at Defendant ODC, an adult-oriented entertainment facility in Richmond, Virginia, as an exotic dancer from November 2018 to April 2019. (Compl. ¶¶ 30–31, 34.) During her employment, Defendants Mike Pittas, Charles Hayes, Michael Dickinson, and Chris Kourdoglov managed and owned the club.[1] (*Id.* ¶¶ 13–16.) Plaintiff's principal job duties entailed performing onstage and dancing on tables, as well as entertaining customers in the VIP rooms. (*Id.* ¶¶ 35–36.) Shifts also required Plaintiff to expend approximately one hour per shift preparing her appearance, as she was required to comply with Defendant ODC's dress standards, but she was not compensated for this time. (*Id.* ¶ 46.)

Plaintiff alleges that she was compensated exclusively through tips from Defendants' customers and did not receive an hourly wage. (*Id.* ¶ 47.) She was further required to share her tips with Defendants and other non-service employees, who did not customarily receive tips, but was never informed about the tip credit or its distribution. (*Id.* ¶¶ 48–49.) Her co-workers—the other exotic dancers—were subject to the same pay structure and degree of Defendants' control as Plaintiff. (*Id.* ¶ 65.) Defendants did not

---

[1] Defendants Does 1-10 also allegedly served as managers, owners, employees, or agents of Defendant ODC. (*Id.* ¶ 19.) Plaintiff indicated in her Complaint that their true names and capacities are currently unknown to her, but that she plans to seek leave to amend her Complaint when their names and capacities have been determined. (*Id.* ¶ 20.)

2

keep records of any tips, gratuities, or service charges that Plaintiff or any other entertainer received. (*Id.* ¶ 82.)

In this lawsuit, Plaintiff brings claims against Defendants for failure to pay minimum wages, failure to pay overtime wages, illegal kickbacks, and unlawful taking of tips. Plaintiff brings these claims individually and on behalf of the current and former exotic dancers employed at Defendant ODC within the three years before the Complaint was filed. (*Id.* ¶ 10.) Defendants now seek to dismiss these claims.

In their Motion, Defendants invoke Federal Rules of Civil Procedure 12(b)(1) as the grounds for dismissing Plaintiff's claims; however, Defendants focus primarily on the FLSA's interstate commerce requirements. The interstate commerce requirements of the FLSA are better classified as elements of a claim for relief, rather than grounds for jurisdiction. *Cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding employer status is an element of a plaintiff's claim for relief under Title VII rather than a jurisdictional requirement). Federal courts in this Circuit have construed similar motions as challenges under Rule 12(b)(6). *See Luna-Reyes v. RFI Constr., LLC*, 57 F. Supp. 3d 495, 499–501 (M.D.N.C. 2014); *Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 599–601 (D. Md. 2014); *see also Helfand v. W.P.I.P., Inc.*, 165 F. Supp. 3d 392, 394–99 (D. Md. 2016) (confronting a motion to dismiss for failure to satisfy the FLSA's interstate commerce requirements that was grounded in Rule 12(b)(6)). Therefore, this Court finds that Rule 12(b)(6) is the appropriate standard to apply.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

3

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* (citations omitted). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court may, however, consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity of such documents is not disputed. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

4

Defendants contend that Plaintiff has not sufficiently pled the FLSA's requirements for coverage, focusing primarily on Plaintiff's ability to satisfy the FLSA's interstate commerce requirements. (Defs.' Mem. Supp. Mot. Dismiss [hereinafter Defs.' Mem.] at 6–7, ECF No. 22.) Defendants further challenge Plaintiff's characterization of Defendant ODC as an enterprise open to the public, as well as her allegations regarding its hours of operation. (*Id.* at 9–10.) As detailed below, this Court finds that Plaintiff has stated sufficient facts to satisfy the pleading standard for claims under the FLSA.

In order to successfully obtain relief under the FLSA, plaintiff-employees must first satisfy their burden of proving that they were employed by the defendant-employer under the Act. *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). If a plaintiff-employee can carry this burden, then the burden shifts to the defendant-employer to demonstrate that it is entitled to an exception under the FLSA. *Johnson v. City of Columbia*, 949 F.2d 127, 129–30 (4th Cir. 1991) (citing *Clark v. J.M. Benson Co.*, 789 F.2d 282, 286 (4th Cir. 1986)). Any such exceptions are to be narrowly construed against the employer.[2] *Id.*

The FLSA extends coverage to employees who work for businesses qualifying as "enterprise[s] engaged in commerce or in the production of goods for commerce." § 203(s). To recover for minimum-wage or overtime violations under the FLSA, a

---

[2] Defendants dispute any characterization by Plaintiff that she was an "employee" of Defendants. (Defs.' Mem. at 6 n.3.) However, Defendants' challenges currently before this Court relate to Plaintiff's ability to proceed under theories of individual and enterprise coverage, which necessitate an employee-employer relationship. Therefore, viewing the facts in the light most favorable to Plaintiff, the Court will assume Plaintiff was employed by Defendants for the purposes of this Memorandum Opinion as Defendants did not brief the specific issue of whether Plaintiff constitutes an "employee" under the FLSA.

plaintiff-employee must demonstrate that either: (1) her employer is an "enterprise engaged in commerce or in the production of goods for commerce," or (2) the plaintiff herself has "engaged in commerce or in the production of goods for commerce" in her capacity as an employee. §§ 206(a), 207(a)(1). Under the FLSA, "commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." § 203(b).

Defendant first argues that Plaintiff cannot invoke individual coverage under the FLSA because her employment with Defendants did not involve the use of goods that traveled in interstate commerce. (Defs.' Mem. at 7.) The FLSA does not cover employees who merely "affect commerce," rather, the determination should be guided by "practical considerations, not technical conceptions." *Mitchell v. Lublin*, 358 U.S. 207, 211 (1959); *Cook v. Nu-Tech Hous. Servs., Inc.*, 953 F.2d 1383 (4th Cir. 1992) (unpublished table decision). To determine whether employees are engaged in commerce under the FLSA, "the test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 457 (4th Cir. 1963) (internal quotations omitted). Although Defendants make a compelling argument, the Court finds it unnecessary to reach Defendants' contention regarding a theory of individual coverage at this time because Plaintiff may proceed on one of enterprise coverage.

The Supreme Court of the United States has consistently construed the FLSA "liberally to apply to the furthest reaches consistent with congressional

direction," recognizing that broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (internal citations omitted) (collecting cases); *see id.* at 295 n.8 ("Enterprise coverage substantially broadened the scope of the Act to include any employee of an enterprise engaged in interstate commerce, as defined by the Act."). Congress did, however, include a revenue threshold—enterprise coverage attaches only to organizations whose "annual gross volume of sales made or business done is not less than $500,000." § 203(s)(1)(A)(ii).

Defendants in this case contend that Plaintiff cannot establish enterprise coverage as a result of this threshold requirement. (Defs.' Mem. at 9.) To support their contention, Defendants appended a Declaration to their Motion, attesting to Defendant ODC's annual gross revenue. (*See* Decl., ECF No. 22-1.) This Declaration states that ODC has never grossed more than $300,000.00 in a year. (*Id.*) Yet, Defendants failed to attach any financial records supporting their Declaration.

Furthermore, not only does Plaintiff allege that Defendants "have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA," but Plaintiff also specifically claims that Defendants made in excess of $500,000.00 in annual gross volume of sales. (Compl. ¶¶ 21, 107.) Given that, at the pleading stage, the Court is duty-bound to construe all "facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff," *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), it would hardly be appropriate for the Court

to *assume* that Defendants' records, if provided, would show revenues totaling less than $500,000.00. Moreover, the Declaration attached appears to have been prepared by agents of Defendant ODC. There is no indication that a third-party auditor or court-appointed supervisor drafted the statements, and in fact, the Declaration is signed by Michael Dickinson, purported Secretary to the Board of Directors of ODC and a Defendant in this action.

The Court will not deny Plaintiff—who alleges that Defendants denied her lawful wages over a period of many months—the opportunity to undertake discovery on her FLSA claims simply because *Defendants* say their organization generated less than $500,000.00. Rather, because Plaintiff alleges that ODC's "annual gross volume of sales made" exceeds $500,000.00, and because—at this stage—the Court accepts Plaintiff's well-pleaded allegations as true, *Iqbal*, 556 U.S. at 678, the Court will allow Plaintiff's FLSA claims to proceed.

Based on the foregoing analysis, Defendants' Motion to Dismiss will be denied.[3]

---

[3] Defendants' Motion also contains two other arguments. They first contend that, as a "private, non-profit, members-only social club," they are not covered by the FLSA unless they are sufficiently competitive with other commercial enterprises. (Defs.' Mem. at 9–10.) The Court finds Defendants' comparison of its operations to charitable organizations, such as the Salvation Army, attenuated at best. Furthermore, as Plaintiff disputes this characterization in no uncertain terms (Compl. ¶¶ 12, 30; Pl.'s Mem. Opp. [hereinafter Pl.'s Mem.] at 6–7, ECF No. 25.), the question whether Defendants engaged in competition in the public with ordinary commercial enterprises is a factual determination better left for resolution at a later stage in this litigation. Defendants' second contention is that their hours of operation preclude Plaintiff's claim for overtime wages as they were never open more than twenty-two hours per workweek. (Defs.' Mem. at 10.) Again, Defendants' cite Michael Dickinson's Declaration in support of their argument. Yet, they attached no records to their Motion, and Plaintiff not only challenges this assertion but also alleges that Defendants failed to keep any record of the "time of day and day of week on which the employees' work week begins." (Compl. ¶¶ 66, 83; Pl.'s Mem. at 7.) Thus, for the reasons previously articulated—and because both of these arguments require the

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 6, 2020
Richmond, Virginia

---

resolution of factual issues—this is not the appropriate time for the Court to take up these arguments. At this stage, the Court must construe the allegations in the light most favorable to Plaintiff, and as such, Plaintiff's claims survive.

9